UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN JOSEPH FITCH | CIVIL ACTION |
| VERSUS | NO. 24-958 |
| JUDGE RANDALL L. BETHANCOURT, ET AL. | SECTION "O" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Alvin Joseph Fitch filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.  **FACTUAL ALLEGATIONS**

Fitch is a pretrial detainee housed in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana. ECF No. 1, ¶III(A), at 3. Fitch filed this *pro se* and *in forma pauperis* § 1983 complaint against defendants Judge Randall L. Bethancourt, the 32nd Judicial District Attorney's Office, and the 32nd Judicial District Public Defender's Office. *Id*., ¶III(B)-(D), at 4. Fitch indicates that he is charged with second degree murder in Terrebonne Parish, and Judge Bethancourt is the presiding judge over his state criminal case. *Id*., ¶IV, at 4. Fitch alleges that Judge Bethancourt has demonstrated prejudice towards him and is making it impossible for him to get a fair trial. *Id*. at 4-5. He also complains that the Judge has denied every *pro se* motion he has filed. *Id*. at 5.

Fitch also alleges that the public defender's office has demonstrated prejudice towards him by failing to communicate with him and failing to assist him with the motions plaintiff filed *pro se*. *Id*. at 4. He also claims that the district attorney's office has demonstrated prejudice towards him by denying him discovery materials. *Id*. at 5. He alleges that former Assistant District Attorney Jay J. Luke also demonstrated prejudice towards him during a June 1, 2021, grand jury proceeding when Luke committed prosecutorial misconduct in the presence of plaintiff, his former private counsel John Allen, and an unknown White woman posing as a minute clerk.

As relief, Fitch asks seeks his immediate release to put an end to his suffering and to assure that every person has an equal right to due process of law and equal justice. *Id*., ¶V, at 6.

## II.     LEGAL STANDARDS

### A.     Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6]  The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9]  Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

---

[5] *Id.* at 270.

[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).

[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[16]

---

[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*
[13] *Id.*
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

### III.   ANALYSIS

#### A.   Section 1983 May Not Be Used for Habeas Relief

Fitch's claims arise from and are related to the constitutionality of his ongoing state criminal proceedings in Terrebonne Parish, and he seeks his immediate release. The United States Fifth Circuit Court of Appeals has made clear that, "regardless of the relief sought," success on claims such as ineffective assistance of counsel and other due process violations, "would necessarily imply the unlawfulness" of petitioner's detention, and the claims are strictly habeas in nature.[20] Similarly, claims that a pretrial detainee is being unconstitutionally detained are claims that effect "the fact or duration of confinement" and are properly brought in habeas petitions," not in § 1983 complaints.[21] When a prisoner, like Fitch, brings both "habeas and § 1983 claims" together, the district court is required to separately decide the § 1983 claims.[22] The plaintiff then

---

[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).
[20] *Mount v. Wakefield*, 738 F. App'x 280 (5th Cir. 2018).
[21] *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions").
[22] *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

may separately pursue claims that would impact the outcome of his criminal trial or release in a properly filed habeas corpus proceeding.[23] Fitch's request for habeas relief is thus inappropriately brought in this § 1983 complaint.

### B. *Heck* Doctrine

Fitch's § 1983 claims are prematurely before the court. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. This limitation avoids collateral attacks on convictions that are still outstanding.[24] The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[25]

The Supreme Court has applied a modified version of the *Heck* bar to pretrial detainees in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations.[26] The Court in *Wallace* explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[27]

---

[23] *Serio v. Members of La. St. Bd. of Pardons*, 821 F. 2d 1112, 1119 (5th Cir. 1987).
[24] *Heck*, 512 U.S. at 484-85.
[25] *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).
[26] *Wallace*, 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (finding stay of pretrial § 1983 challenges to an ongoing state criminal proceeding to be the best practice).
[27] *Wallace*, 549 U.S. at 393-94 (citations omitted).

6

In this case, success on Fitch's claims, which include those of an alleged unfair trial, biased tribunal, prosecutorial misconduct, and ineffective assistance of counsel, if proven, would imply the invalidity of his state court proceedings. Pursuant to *Wallace*, the matter should be stayed and remain so pending Fitch's conviction or other resolution of the charges.

### C. Immediate Dismissal, Rather Than Stay, Is Proper

Although the *Heck* bar and *Wallace* holding would normally compel a stay of premature civil claims intertwined with Fitch's detention and ongoing state criminal proceeding, when the claims are improper or brought against immune defendants, the United States Fifth Circuit Court of Appeals has held the trial court should initially address dismissal of those claims.[28] In this case, a stay is not necessary because none of Fitch's claims survive immediate dismissal as frivolous for the reasons that follow.

#### 1. Claims Against Judge Bethancourt

Judge Bethancourt has been sued in his role as presiding judge over Fitch's state criminal proceeding in the 32nd Judicial District Court for the State of Louisiana in Terrebonne Parish. Whether named in his official or individual capacity, Judge Bethancourt enjoys absolutely immunity from suit.

A state official, like Judge Bethancourt, in his official capacity is not considered a "person" subject to suit under § 1983.[29] As a state court judge, any judgment against Judge Bethancourt in his official capacity would be satisfied out of the state treasury rendering the State liable for any

---

[28] *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F. 3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).

[29] *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 71 (1989) (suit against a state official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) (ordering adopting R&R) (a judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983); *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009) (same).

alleged wrongs.[30]  Thus, the claims against the Judge in an official capacity are considered claims against the State of Louisiana itself, and are barred by the Eleventh Amendment.[31]  The Eleventh Amendment to the United States Constitution prohibits suit against a State in federal court without the State's consent.[32]  The State of Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it.[33]

In his individual capacity, the claims against Judge Bethancourt are barred by the absolute judicial immunity doctrine.  Immunity applies to a judge acting in his authority as a presiding officer, regardless of whether the judge's actions were erroneous, malicious, or in excess of his authority.[34]  "A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction."[35]  Fitch's claims against Judge Bethancourt involve actions taken in his judicial capacity, and Fitch has not urged any action that was nonjudicial in nature. [36]  Instead, Fitch's rather conclusory claims against the Judge involve challenges to the Judge's rulings and actions during the criminal proceedings.  As such, Fitch has failed to state a plausible claim for relief against the Judge in his individual capacity that would overcome the Judge's absolute immunity from suit.

---

[30] LA. STAT. ANN. § 13:5108.1; *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).

[31] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir.1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524 at *3 (E.D. La. Jun. 21, 2007) (suit against Louisiana state judge in an official capacity is suit against the State); *Voisin's Oyster House, Inc.*, 799 F.2d at 188; *Doris v. Van Davis*, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) (judgment against a Louisiana state judge in official capacity would be satisfied out of the state treasury rendering a claim against the judge a claim against the state).

[32] *Edelman v. Jordan*, 415 U.S. 659 (1974).

[33] LA. STAT. ANN. § 13:5106(A); LA. CONST. art. I, § 26; *Harris v. La. Office of Juvenile Justice*, No. 18-13356, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (citing *Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014)).

[34] *Du Bois v. Warne*, 336 F. App'x 407, 409 (5th Cir. 2009) (citing *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996)).

[35] *Id*. (citing *Boyd*, 31 F.3d at 284).

[36] *Du Bois*, 336 F. App'x at 409 (citing *Boyd*, 31 F.3d at 284-85).

For these reasons, the claims against Judge Bethancourt, whether in his official or individual capacities, are frivolous, seek relief against an immune defendant, and otherwise fail to state a claim for which relief can be granted. These claims must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A.

### 2.  32nd Judicial District Public Defender's Office

Fitch alleges that the 32nd Judicial District Public Defender's Office has not provided him with adequate assistance during his pretrial criminal proceedings. However, the public defender's office itself is not a person subject to suit under § 1983.[37] He therefore has named a defendant against whom relief cannot be granted under § 1983.

To the extent he intended to name the specific attorney or attorneys appointed as his counsel, his claim fares no better. Fitch would have no basis to sue a public defender in an official capacity since they have no authority to act on behalf of the State or the Parish in which they are appointed to represent a criminal defendant.[38] In an individual capacity, a public defender is not considered person or a state actor for purposes of § 1983.[39]

For these reasons, Fitch's claims against the public defender's office, and any intended claim against his specific appointed counsel, are frivolous and otherwise fail to state a claim for which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1997A.

---

[37] *See Montgomery v. City of Lake Charles*, No. 10-1297, 2011 WL 887910, at *2 (W.D. La. Mar. 9, 2011); *Burge v. Parish of St. Tammany*, No. 91-2321, 1997 WL 10243, at *8 (E.D. La. Jan. 8, 1997); *Zapata v. Public Defenders Office*, 252 F. App'x 237, 2007 WL 3104864, at *2 (10th Cir. 2007) (public defender's office is not a "person" amenable to suit under § 1983); *accord Amir-Sharif v. Dallas County Public Defenders Office*, 233 F. App'x 364 (5th Cir. 2007) (court appointed counsel and the Public Defender's Office are not state actors for § 1983 purposes).

[38] *See Polk County v. Dodson*, 454 U.S. 312 (1981) (public defenders do not act under color of state law under § 1983 when performing the traditional functions of counsel to a criminal defendant); *Mills v. Crim. Dist. Ct. #3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

[39] *Id.*

9

### 3.      32nd Judicial District Attorney's Office

Fitch claims that the 32nd Judicial District Attorney's Office has denied him discovery and engaged in prosecutorial misconduct.[40] However, a District Attorney's office is not a suable entity under Louisiana law, and also is not a person capable of being sued under § 1983.[41] Fitch, therefore, has named a defendant against whom relief cannot be granted under § 1983.

He also cannot proceed under § 1983 with any claim he may have intended to bring against former Assistant District Attorney Luke, who is mentioned in Fitch's complaint. The only allegation asserted against Luke is tied to Luke's role in a grand jury proceeding that occurred on June 1, 2021. Whether the claim would arise from that proceeding or the alleged denial of non-*Brady* discovery and other misconduct, Luke and any other prosecutor(s), individually, would enjoy absolute immunity from suit under § 1983.[42]

If Fitch intended to name Luke or any other prosecutor in an official capacity, that would be the equivalent of suit against Terrebonne Parish.[43] In that respect, "municipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers

---

[40] Plaintiff has not provided any facts to suggest that his request for discovery encompasses *Brady* materials nor has he named the appropriate defendant for such claim. Such claim is beyond the scope of the current proceeding, and this Recommendation would not preclude any future claim on that basis should same be determined to exist.

[41] *Burge*, 1997 WL 10243, at *8; *see Collins v. Drake*, No. 07-8220, 2009 WL 653053, at *5 (E.D. La. Jan. 30, 2009) ("Louisiana law does not recognize a district attorney's office as a juridical entity, although a claim may be brought against a district attorney in his official capacity."), *R&R adopted as modified on other grounds by* 2009 WL 653047, at 1 (E.D. La. Mar. 12, 2009).

[42] *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Beard v. Wolf*, No. 13-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014).

[43] *Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a Parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *Bean v. Pittman*, No. 14-2210, 2015 WL 350284, at *2 (E.D. La. Jan. 26, 2015) (official capacity against Jefferson Parish sheriff's deputies is suit against the Parish through the Sheriff's Office); *see also Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (refusing to apply immunities for personal liability to *Monell* claims against local governments because "there is no tradition of immunity for municipal corporations").

or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[44] Thus, to state a non-frivolous claim against a prosecutor in an official capacity, Fitch would first have to identify that person and establish that the person was a final Parish policymaker and identify the Parish policy or custom which allegedly caused the deprivation of his constitutional rights.[45] Fitch has not alleged any policy claims in his complaint, and certainly has not alleged that any assistant district attorney in his case was a final policy-maker for the Parish. He also has not identified any Parish policy that led to a constitutional violation during his prosecution or that resulted in any alleged bias, prejudice, or denial of due process that caused him constitutional injury. Therefore, he has not stated a plausible official capacity/*Monell* claim against Luke or any Assistant District Attorney, neither of whom is named as a defendant in his complaint.

Therefore, Fitch's claims against the 32nd Judicial District Attorney's Office, and any claim he intended to bring against Assistant District Attorney Luke, or other prosecutor, in an individual or official capacity, are frivolous, brought against an immune defendant, and otherwise fail to state a claim for which relief can be granted. The claims should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A.

## IV.     RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Alvin Joseph Fitch's 42 U.S.C. § 1983 claims against Judge Bethancourt, the 32nd Judicial District Attorney's Office, and the 32nd Judicial District Public Defender's Office be **DISMISSED WITH PREJUDICE** pursuant to 28

---

[44] *Burge*, 187 F. 3d at 470 (quoting *Monell*, 436 U.S. at 691).
[45] *Rinker v. New Orleans Dist. Atty.*, No. 10-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010), *R&R adopted by* 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

U.S.C. § 1915(e) and § 1915A as frivolous, for seeking relief against an immune defendant, and otherwise for failure to state a claim for which relief can be granted. Plaintiff has not provided any facts to suggest that his request for discovery encompasses *Brady* materials nor has he named the appropriate defendant for such claim, and therefore, this Recommendation does not purport to address or preclude any potential future claim on that basis should same exist.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[46]

New Orleans, Louisiana, this 24th day of April, 2024.

*signature*

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[46] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.